**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARWA L.,**<br>**Plaintiff,** | : | **CIVIL ACTION** |
| **vs.** | : | **NO. 25-cv-2988** |
| **FRANK BISIGNANO,**<br>**Commissioner of Social Security,**<br>**Defendant.** | : | |

**MEMORANDUM OPINION**

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE** **September 28, 2026**

Plaintiff Marwa L. filed this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner of the Social Security Administration's decision denying her claim for Social Security Disability Insurance (SSDI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 (the Act). This matter is before me for disposition upon consent of the parties. For the reasons set forth below, Plaintiff's Request for Review is **GRANTED**.

## I. PROCEDURAL HISTORY[1]

On September 22, 2022, Plaintiff protectively filed an application for SSDI, alleging disability beginning on June 23, 2022, due to depression, anxiety, and post-traumatic stress disorder. (R. 82, 212, 234). Plaintiff's application was denied on March 7, 2023, and upon reconsideration on July 25, 2023, and she requested a hearing before an Administrative Law

[1] Because this case turns on purely legal issues—whether the ALJ proffered a valid reason for omitting from Plaintiff's residual functional capacity (RFC) a restriction she otherwise found credibly established and, if not, whether the omission constitutes reversible error—this Court dispenses with a separate factual history. However, a few relevant background facts are still discussed as needed as part of the Court's analysis below. *See, infra*, § IV.

Judge (ALJ). (R. 102, 115, 156). Plaintiff, represented by counsel, appeared and testified at the May 1, 2024, hearing, as did a vocational expert (VE). (R. 53-81). On July 23, 2024, the ALJ issued a decision unfavorable to Plaintiff. (R. 31-52). Plaintiff appealed, and the Appeals Council denied his request for review on April 28, 2025, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (R. 1-7).

On June 11, 2025, Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania, (Compl., ECF No. 1), and five days later she consented to my jurisdiction pursuant to 28 U.S.C. § 636(c). (Consent, ECF No. 5). The Commissioner responded on February 4, 2026, (Resp., ECF No. 15), and Plaintiff filed a reply on February 27, 2026. (Resp., ECF No. 15; Reply Br., ECF No. 18).

## II. LEGAL STANDARD

To be eligible for benefits under the Act, a claimant must demonstrate to the Commissioner that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). A five-step sequential analysis is used to evaluate a disability claim:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of the impairment listed in the "listing of impairments," . . . which result in a presumption of disability, or whether the claimant retains the capacity to work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the

> residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.

*Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000); *see also* 20 C.F.R. § 416.920(a)(4). The disability claimant bears the burden of establishing steps one through four. If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner at step five to establish that, given the claimant's age, education, work experience, and mental and physical limitations, she is able to perform substantial gainful activities in jobs existing in the national economy. *Poulos v. Comm'r. of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007).

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (citations omitted). The Third Circuit has instructed, "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores or fails to resolve a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Even if the record could support a contrary conclusion, the decision of the ALJ will not be overruled as long as there is substantial evidence to support it. *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986). The Court has plenary review of legal issues. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).

## III. ALJ'S DECISION

In her decision, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027 (Exhibit 6D).
2. The claimant has not engaged in substantial gainful activity since June 24, 2022, the amended alleged onset date (20 CFR 404.1571 *et seq.*).
3. The claimant has the following severe impairments: bipolar disorder; post-traumatic stress disorder (PTSD); anxiety disorder; panic disorder; and major depressive disorder (20 CFR 404.1520(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember, and carry out simple instructions; can use judgment to make simple work related decisions; can tolerate occasional interaction with the public, coworkers, and supervisors; and can deal with occasional changes in a routine work setting.
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
7. The claimant was born on February 7, 1995 and was 27 years old, which is defined as a younger individual age 18-49, on the date the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 24, 2022, through the date of this decision (20 CFR 404.1520(g)).

(R. 34-47). Accordingly, the ALJ found Plaintiff was not disabled. (R. 47).

## IV. DISCUSSION

Plaintiff raises a single issue: "The ALJ failed to explain why the RFC she assessed is void of opined limitations she found persuasive." (Pl.'s Br., ECF No. 14, at 3).

### A. The Parties' Positions

After setting forth the relevant background law, Plaintiff observes that State agency psychological consultants Molly Cowan, Psy.D., and John Gavazzi, Psy.D., opined, *inter alia*, that her ability to carry out instructions was limited to "very short and simple" ones to complete "one- and two-step tasks." (*Id.* at 3-4 (citing R. 87, 98) (case citations omitted)). Additionally, she points out that the ALJ determined that these administrative findings were well-supported, consistent with the other evidence, and therefore persuasive, but in the RFC the ALJ nonetheless omitted the qualifier "very short" as well as the limitation to "one- and two-step tasks," instead

finding that Plaintiff could "understand, remember, and carry out simple instructions." (*Id.* at 4 (citing R. 39, 43-44)). She disputes the ALJ's proffered explanation that the consultants' language was omitted because it was "not vocationally defined," and thus did not sufficiently "articulate the limitation for use" in an RFC, noting to the contrary that the phrasing used in their administrative findings is exactly the same as employed in the Dictionary of Occupational Titles (DOT) to define work with a reasoning level of one. (*Id.* (citing DOT, App'x C)). She also cites cases holding that a distinction exists between the language used here by the consultants and in the RFC, such that the ALJ's failure to validly explain the omission of the former constitutes reversible error. (*Id.* at 4-5 (citing *Hoover for Hoover v. Colvin*, No. 1:23-CV-1871, 2025 WL 35978, at *7 (M.D. Pa. Jan. 6, 2025); *Cowher v. O'Malley*, No. 3:21-cv-178, 2024 WL 3161865 (W.D. Pa. June 24, 2024) (additional citations omitted))). Plaintiff insists that this alleged error was harmful because the jobs available to her as identified by the VE all have a reasoning level of more than one and therefore require the ability to carry out *greater* than very short and simple instructions and one- to two-step instructions. (*Id.* at 5 (citing *Hoover for Hoover*, 2025 WL 35978, at *8; *Cowher*, 2024 WL 3161865) (DOT citations omitted)).

The Commissioner responds with his own statement of the background law and a summary of the relevant portions of the ALJ's decision. (Resp., ECF No. 15, at 4-7 (citations omitted)). He rejects Petitioner's argument that someone limited to one- and two-step tasks cannot perform the identified jobs on the grounds that the evidence did not support any such restriction nor did the ALJ assess one. (*Id.* at 7-8). Rather, he maintains that cases from within this circuit establish that no DOT conflict exists between the RFC settled upon here and jobs requiring a reasoning level of at least two. (*Id.* at 8 (citing *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004); *Reichenbach v. Comm'r of Soc. Sec.*, No. 23-1100, 2024 WL 4336301, at *1

n.1 (W.D. Pa. Sept. 26, 2024))). In closing, the Commissioner posits that Petitioner's contentions amount to nothing more than a disagreement with the ALJ's conclusions and an improper request to reweigh the evidence. (*Id.* (citing *Johnson v. Comm'r of Soc. Sec.*, 497 F. App'x 199, 201 (3d Cir. 2012); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999))).

In reply, Petitioner agrees that an ALJ need not include in the RFC all limitations set forth in a "persuasive" medical opinion, but she repeats that the ALJ must nevertheless validly explain the reason for omitting them, as the Commissioner also acknowledges. (Reply, ECF No. 18, at 1 (citations omitted)). She also reiterates that the reason proffered here, that the language used by the State agency psychological consultants was "not vocationally defined" and thus inadequate for use in an RFC, is invalid because that language is the same used by the DOT to define work with a reasoning level of one. (*Id.* at 2 (citations omitted)). On this basis, she again asserts that the ALJ lacked a valid legal basis for not restricting her to "very short" and simple instructions and one- and two-step tasks, adding on reply that the Commissioner failed to address this argument in his response. (*Id.*). Lastly, she distinguishes the Commissioner's cited cases, *Money* and *Reichenbach*. (*Id.* at 2-3). She dismisses *Money* as more than 20 years older than her cited cases (and thus not reflecting the current state of the law) and involving wholly different language than that at issue here. (*Id.* at 3 (citing 91 F. App'x at 215)). Next, she argues that *Reichenbach* is inapposite because the court in that case explicitly recognized that the language regarding one- and two-step instructions alone (without the additional verbiage about the length or complexity of instructions) could alone raise questions about whether the person could work at reasoning level two. (*Id.* (citing 2024 WL 4336301, at *1)). Since neither of these cases considered the language used by Drs. Cowan and Gavazzi here, "which is [also] the precise definition of reasoning level 1 work," Plaintiff contends that they do not counsel against remand.

(*Id.*).

**B. Analysis**

After the step three listings determination, an ALJ must make an RFC assessment before moving to steps four and five of the disability evaluation. *See* 20 C.F.R. § 404.1520(a)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). An RFC assessment determines "what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s)." SSR 83-10, 1983 WL 31251, at *7. The ALJ must include all credibly established limitations in the RFC. *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) (citing *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)).

In this case, as noted above, the ALJ found "persuasive" Drs. Cowan's and Gavazzi's opinions, including their findings that Plaintiff could only "carry out very short and simple instructions" and "perform one[-] and two-step tasks," (R. 43-44), yet in the RFC she determined that Plaintiff could "carry out simple instructions," thus omitting the limitations to "very short" instructions and tasks not exceeding two steps. (R. 39). Her cited basis for these omissions was not that the evidence had failed to credibly establish them, but rather that the language employed by the consultants "is not vocationally defined and thus, does not adequately articulate the limitation for use in" an RFC. (R. 44). Accordingly, the ALJ purportedly "used more specific, vocationally defined, and policy compliant language to express" these limitations. (*Id.*).

But the ALJ was at most only half correct, because even though a search of the DOT returns no references to "very short" or "very short and simple" instructions, *see* https://occupationalinfo.org/dot_search.html (last visited Sept. 23, 2026), it defines reasoning level one as requiring the individual to, *inter alia*, complete "simple one- and two-step

instructions." DOT, App'x C. Thus, this Court can discern no valid basis[2] for the omission from the RFC of the limitation, credited elsewhere in the decision, regarding the number of instructions Plaintiff can carry out for a given task. *See Cowher*, 2024 WL 3161865, at *8 ("As relevant here, where an ALJ finds an assessment 'to be generally persuasive and supported by the record," and that assessment "include[d] a limitation to one- and two-step tasks, the ALJ [is] required to explain the failure to include this limitation[.]'") (quoting *Shipman v. Kizakazi*, No. 22-CV-00636, 2023 WL 5599607, at *27 (M.D. Pa. Aug. 29, 2023); citing *Soto v. Kijakazi*, No. 21-CV-1531, 2022 WL 4358087, at *8–9 (M.D. Pa. Sept. 20, 2022); *Pokorny v. Kijakazi*, No. 21-CV-00790, 2023 WL 6988360, at *6 (M.D. Pa. Oct. 23, 2023)).

Significantly, given that the three jobs identified by the VE as available to Plaintiff in sufficient numbers in the national economy (marker, hand packager and store laborer) all require a reasoning level of two rather than one, (*see* R. 47 (citing DOT §§ 209.587-034, 920.587-018, 922.687-058)), the ALJ's error was not harmless. *See Cowher*, 2024 WL3161865, at *9-11 (following up analysis of the claimant's RFC and credibly established limitations vis-à-vis the

[2] The Commissioner briefly suggests that the ALJ dispensed with the restriction to one- and two-step tasks proffered by Drs. Cowan and Gavazzi because it "was unsupported by the evidence," (Resp., ECF No. 15, at 7-8), but this claim conflicts with the reason for its omission given by the ALJ herself, who explicitly stated that "[t]he[se] State agency psychological consultants provided support for the[ir] findings, noting the claimant's mental health impairments, and examinations showing mildly impaired attention and concentration, along with otherwise normal findings (Exhibit 2A and 4A)." (R. 44). She added that their findings were also "consistent with the overall record, which shows the claimant was in mental health treatment, she reported some continued symptoms, she was observed to have poor eye contact and soft speech at times, and had mildly impaired attention, along with intact memory, fair to good insight and judgment, good eye contact, and adequate manner of relating (Exhibit 3F, 5F and 9F)." (*Id.*). Accordingly, the Court does not consider the Commissioner' *post hoc* justification further. *See Schuster v. Astrue*, 879 F. Supp. 2d 461, 466 (E.D. Pa. 2012) (the Commissioner may not offer "a post-hoc rationalization" because "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision") (quoting *Keiderling v. Astrue*, No. 07-2237, 2008 WL 2120154, at *3 (E.D. Pa. May 20, 2008)).

jobs supposedly available to her with a harmless error review). Although a limitation to "simple instructions," without regard to the number of instructions, is generally held to be consistent with jobs at both reasoning levels,[3] *id.* at *7, federal courts, throughout the country and within this circuit, "have found that a limitation to one- to two-step tasks is consistent with GED Reasoning Development Level 1, but *inconsistent* with GED Reasoning Development Level 2." *Ferrebee v. Kijakazi*, No. 3:20-cv-02188, 2022 WL 905153, at *4 (M.D. Pa. Mar. 28, 2022) (emphasis in original) (citing *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 560 (8th Cir. 2018); *Henderson v. Colvin*, 643 Fed. App'x 273, 277 (4th Cir. 2016); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015); *Shingler v. Kijakozi*, No. 4:20-CV-01344, 2022 WL

---

[3] A reasoning level of two requires the ability to complete "detailed but uninvolved written or oral instructions." *See* DOT, App'x C. Accordingly, as the Eleventh Circuit Court of Appeals has explained:

> The primary difference between levels one and two is the *length* of the instructions—not the complexity. While level one specifies that the instructions must be "simple," level two similarly specifies that they must be "uninvolved." Merriam-Webster defines "simple" as "readily understood or performed;" it defines "uninvolved" as "not involved," meaning not "marked by extreme and often needless or excessive complexity." "Simple" is listed as an antonym for "involved." Accordingly, the difference between levels one and two lies in the *length* of the instructions, with level one being limited to one- or two-step instructions, and level two not being limited in length. This interpretation is confirmed by the description of level three, which lifts the restriction on how complex the instructions can be—allowing for any "instructions."

*Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) (citing "similar interpretation[s]" from the Fourth and Eighth Circuits Courts of Appeals) (internal citations omitted); *see also Leach v. Kijakazi*, 70 F.4th 1251, 1257 (9th Cir. 2023) ("A level-two job with 'detailed but uninvolved ... instructions' could require an employee to follow lengthy simple instructions. On the present record, then, we cannot determine whether the level-two jobs identified by the vocational expert require only short, simple instructions."); *Vickers v. Comm'r of Soc. Sec.*, No. 21-1093, 2022 WL 1620076, at *3 (W.D. Pa. May 23, 2022) (same) (quoting *Delestienne v. Saul*, No. 20-1349, 2021 WL 5744684 (W.D. Pa. Dec. 2, 2021)); *Delestienne*, 2021 WL 5744684, at *1 n.3 (quoting *Buckwalter*, 5 F.4th at 1323).

273426, at *12 (M.D. Pa. Jan. 28, 2022); *Brown v. Kijakazi*, No. 4:20-CV-00836, 2021 WL 4711242, at *7 n.4 (M.D. Pa. Oct. 8, 2021); *Skeens v. Astrue*, 903 F. Supp. 2d 1200, 1210-11 (W.D. Wash. 2012); *Wisziwaty v. Astrue*, 861 F. Supp. 2d 924, 946 (N.D. Ind. 2012)). Therefore, if the ALJ had included in the RFC a limitation to only one- and two-step instructions, as she was required to do given the lack of a valid reason for excluding it, all the jobs identified by the VE would have been foreclosed to Plaintiff.

The Commissioner invokes *Money* and *Reichenbach* in support of his claim that Plaintiff's RFC does not conflict with the three occupations identified at step five, as they are defined in the DOT, but both cases are distinguishable. In *Money*, the claimant's RFC was limited to "simple, routine and repetitive" tasks, which the court held did not preclude work at a reasoning level greater than one. 91 F. App'x at 214. But, crucially, the RFC did not limit Money to one- and two-step tasks, *see id.*, as Plaintiff should have been limited here, based on the ALJ's finding that such a restriction had been credibly established. (R. 43-44). Thus, the Third Circuit's holding in *Money* remains consistent with decisions from other circuits concluding that the "primary difference" between the first and second reasoning levels is not whether the instructions the individual must be able to carry out are *simple*, but how *lengthy* they are or how many *steps* are involved. *See Buckwalter*, 5 F.4th at 1323 (citing cases from the Fourth and Eighth Circuits Courts of Appeals); *see also Leach*, 70 F.4th at 1257. However, given the RFC language at issue in that case, it does not further the Commissioner's position.

In *Reichenbach*, the Western District of Pennsylvania drew this distinction between the ability to perform "simple," as opposed to "simple" but lengthy, instructions even more clearly. 2024 WL 4336301, at *1 n.1. It is true, as the Commissioner observes, that the court held that Reichenbach's RFC for "simple instructions" did not prevent him from working in jobs requiring

a reasoning level of greater than one. *Id.* Nonetheless, in reaching this conclusion, the court emphasized that "the ALJ did not limit him to the ability to follow simple one or two-step instructions, which might have triggered concern about his ability to perform jobs that require a reasoning level of 2." *Id.* (citing *Harden v. Comm'r of Soc. Sec.*, No. 13-906, 2014 WL 4792294, at *5 (W.D. Pa. 2014)); *see also Harden*, 2014 WL 4792294, at *5 (endorsing *Bobbitt v. Colvin*, 2014 WL 2993738, a *9 (D. Ore. July 1, 2014), which held "that a limitation to simple, routine tasks did not adequately encompass a limitation to jobs with one or two-step instructions"). As such, *Reichenbach*, if anything, undercuts the Commissioner's argument.

Because the ALJ determined that the proffered limitation to one- and two-step tasks had been credibly established but omitted from the RFC without a valid basis, the Court remands this matter for further proceedings consistent with this opinion.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Request for Review is **GRANTED**.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge